IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| TYR ENERGY UTAH LOGISTICS, LLC, § <br> § <br> *Plaintiff,* § <br> § <br> v. § <br> § <br> DREXEL HAMILTON INFRASTRUCTURE § <br> PARTNERS, LLC, ET AL., § <br> § <br> *Defendants.* § <br> § | Case No.: 2:24-cv-00239 |

**NOTICE OF REMOVAL**

Defendants DHIP Group LLC (f/k/a Drexel Hamilton Infrastructure Partners, LLC) and DHIP Group LP (f/k/a Drexel Hamilton Infrastructure Partners LP) (collectively, "Removing Defendants") hereby give notice of the removal of the state court civil action brought against them by Plaintiff Tyr Energy Utah Logistics, LLC ("Plaintiff" or "Tyr") to the United States District Court for the Southern District of Texas, Corpus Christi Division. Removal is based on 28 U.S.C. § 1332 (diversity jurisdiction) and is authorized by 28 U.S.C. §§ 1441 and 1446. As grounds for the removal, Removing Defendants respectfully state the following:

**I.    INTRODUCTION**

1. Plaintiff commenced this action by filing its Original Petition & Application for Injunctive relief (the "Petition") on September 6, 2024, in the County Court at Law, Nueces County, Texas as Cause No. 2024CCV-61061-1 (the "State Court Action").

2. Plaintiff alleges a cause of action against Drexel Hamilton Infrastructure Partners, LLC and Drexel Hamilton Infrastructure Partners LP (together "Drexel") for breach of contract—a November 17, 2023, Mutual Confidentiality, Non-Disclosure, and Non-Circumvention Agreement ("NCA"), and a cause of action against DHIP Natural Resources Investments, LLC

("DHIP NRI") and Integrated Rail and Resources Acquisition Corp. ("IRRX") for tortious interference with the NCA. Drexel, DHIP NRI, and IRRX are collectively referred to as "Defendants." Plaintiff also seeks injunctive relief restraining Defendants and their agents, affiliates, subsidiaries, parents, servants, employees, independent contractors, attorneys, representatives, and those persons or entities in active concert or participation with them from completing the purchase of Tar Sands Holdings II, LLC ("TSHII"), from buying a Utah waxy crude refinery ("the Refinery") referred to in the Petition, the property on which it sits, and the entity that owns it; and from developing the Refinery without Tyr.

3. Pursuant to 28 U.S.C. § 1446(a) and LR81, copies of all process, pleadings, orders, and other papers filed in the State Court Action and obtained by Defendants, including Plaintiffs' Petition, are attached hereto.

4. Pursuant to LR81, an Index of Matters Being Filed is attached hereto as Exhibit 1.

5. Pursuant to LR81, the docket of the state action is attached hereto as Exhibit 2.

6. Pursuant to 28 U.S.C. § 1446(a) and LR81, the state action Petition is attached hereto as Exhibit 3.

7. 28 U.S.C. § 1446(a) and LR81,

## II.   BACKGROUND

8. Plaintiff has represented itself as a Texas limited liability company with a principal place of business in Harris County, Texas. Ex. 3-1 at 2. The citizenship of unincorporated entities is "determined by that of their members." *Brownsville M.D. Ventures, L.L.C. v. Pineda Reo, L.L.C.*, 2015 WL 12748036, *1 (S.D. Tex. Sept. 29, 2015) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187-88 (1990). On information and belief, Tyr's individual members are citizens of Utah, Colorado, and/or Texas.

9. Defendant DHIP Group LLC is a Delaware limited liability company with a principal place of business at 400 W. Mose Blvd., Suite 220, Winter Park, Florida 32789. It consists of two members: Mark Michel and Tim Fisher, each a natural person. The citizenship for diversity purposes of natural persons is determined by "where [they are] domiciled, that is, where [they have] a fixed residence with the intent to remain there indefinitely." *Freeman v. Northwest Acceptance Corp.,* 754 F.2d 553, 555-56 (5th Cir. 1985). Mark Michel is domiciled in Florida, and Tim Fisher is domiciled in New York. DHIP Group LLC is thus a citizen of Florida and New York for diversity jurisdiction purposes.

10. Defendant DHIP Group LP is a Delaware limited partnership with a principal place of business at 400 W. Mose Blvd., Suite 220, Winter Park, Florida 32789. It has only one member, DHIP Group LLC. DHIP Group LP is thus also a citizen of Florida and New York for diversity jurisdiction purposes.

11. Defendant DHIP NRI is a Delaware limited liability company with a principal place of business at 400 W. Mose Blvd., Suite 220, Winter Park, Florida 32789. DHIP NRI consists of two members: DHIP NRI Management Partners, LLC, and NRI Group, LLC. DHIP NRI Management Partners, LLC is a Delaware limited liability company consisting of only one member, Tim Fisher, who as previously mentioned is a natural person domiciled in New York. DHIP NRI Management Partners, LLC is thus a citizen of New York for diversity jurisdiction purposes. NRI Group, LLC is a Delaware limited liability company consisting of 57 members, all natural persons, domiciled in the states of California, Florida, Kentucky, Louisiana, Maryland, North Carolina, New York, Ohio, South Carolina, Tennessee, Texas, Virginia, and Wyoming. DHIP NRI is thus a citizen of California, Florida, Kentucky, Louisiana, Maryland, North Carolina,

New York, Ohio, South Carolina, Tennessee, Texas, Virginia, and Wyoming for the purposes of diversity jurisdiction.

12.  Defendant IRRX is a Delaware Corporation with its principal place of business at 400 W. Morse Blvd. Suite 220, Winter Park, Florida 32789. It is therefore a citizen of Delaware and Florida for the purposes of diversity jurisdiction.

### III.  TIMELINE FOR NOTICE OF REMOVAL

13.  This removal is timely under 28 U.S.C. § 1446(b) because none of the Defendants have been properly served with the Petition or summons. *See* Special Appearance attached as Ex. 3-18.[1] Specifically, DHIP Group LLC, DHIP Group LP, and DHIP NRI were not properly served because the person served was not authorized to receive service on behalf of these defendants as required by Texas law. *Id.* at 14-15. On information and belief, IRRX has not been served with a copy of the Petition. *Id.* at 1, n.1. Removing Defendants are filing this Notice of Removal within 30 days of Plaintiff's purported and defective service. 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaints, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.").

14.  In filing this Notice of Removal, Removing Defendants do not waive, and specifically reserve, any and all further objections as to service, personal jurisdiction, defenses, exceptions, rights and motions.

### IV.  CONSENT TO REMOVAL

---

[1] Defendants have objected to Plaintiff's improper service through their Special Appearance filed in the state court action.

4

15. Defendants DHIP NRI and IRRX consent to removal and have concurrently filed written statements to the same.

## V. BASES FOR REMOVAL

### A. Complete Diversity of Citizenship Exists Between Plaintiffs and Properly Joined and Served Defendants

16. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. This action may be removed to this Court by Removing Defendants pursuant to 28 U.S.C. § 1441(b) because this action is between citizens of different states (i.e., no properly joined and served Defendants are citizens of the same states as Plaintiff) and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

17. The only Defendant that could potentially defeat diversity is DHIP NRI, but DHIP NRI has not been properly served in this case, nor has it been properly joined. *See* Ex. 3-18 at 14-15. Consequently, this case may be removed to this Court on the basis of diversity jurisdiction.

#### 1. DHIP NRI Has Not Been Properly Served

18. Removing Defendants may remove this action because DHIP NRI, the only Defendant that could potentially defeat diversity jurisdiction, has not been served yet. A non-forum defendant may remove an otherwise removable case even when a named defendant who has yet to be "properly joined and served" is a citizen of the forum state. *Texas Brine Co. v. American Arbitration Ass'n, Inc.*, 955 F.3d 482, 487 (5th Cir. 2020)

19. DHIP NRI (as well as Removing Defendants) filed a Special Appearance objecting to the propriety of service and demonstrating that service was improper. *See* Exhibit 3-18 at 14–15. DHIP NRI was not properly served because the person purportedly served was not authorized to accept service on behalf of DHIP NRI. *Id.*; *see also* Ex. 3-19 at ¶ 11. Proper service of a defendant is necessary to demonstrate a court's jurisdiction over that de*fendant. Fields v. Klatt*

5

*Hardware & Lumber, Inc.*, 374 S.W.3d 543, 548 (Tex. App.—San Antonio 2012 no pet.). Texas allows nonresidents to be served in the same manner as a resident (Tex. R. Civ. P. 108), and a process server may serve an entity at their place of business or registered office (Tex. R. Civ. P. 106). "A limited liability company (LLC) is not a person capable of accepting process on its own behalf and must be served through an agent." *Encompass Counseling, Wellness & Rehab, LLC v. Consilium Staffing, LLC*, 2024 WL 3271134, at *2 (Tex. App.—Dallas July 2, 2024 no pet.); *see also* Tex. Bus. Orgs. Code §§ 5.201(b), 5.255(3). Service on a limited partnership may be made on its general partner or registered agent. *WWLC Investment, L.P. v. Miraki*, 624 S.W.3d 796, 799 (Tex. 2021); see also Tex. Bus. Orgs. Code §§ 5.201(b)(1), 5.255(2).

20. Here, service on DHIP NRI was made upon Danielle Keller, Vice President of Operations of DHIP Group LLC. Ex. 5-1. . Ms. Keller is not a member, officer, or registered agent for DHIP NRI. Ex. 3-19 at ¶ 11. Therefore, Ms. Keller was not authorized to accept service on behalf of DHIP NRI, and DHIP NRI has not been accorded proper service of process. *See Encompass*, 2024 WL 3271134, at *2 (holding that service upon the CEO of an LLC is ineffective because Texas law requires service upon either the registered agent or a manager/member of the LLC).

21. DHIP NRI has properly objected to this through its Special Appearance in the state court action. Therefore, DHIP Group LLC and DHIP Group LP may properly remove this action to this Court.

### 2. Under the Doctrine of Fraudulent Joinder, DHIP NRI's Citizenship Need Not Be Considered for Purposes of Diversity

22. The removal statute specifies that suits arising under federal law are removable without regard to the citizenship of the parties, and that all other suits are removable "only if none of the parties in interest *properly joined and served* as defendants is a citizen of the State in which

such action is brought." 28 U.S.C. § 1441(a) (emphasis added). "A district court is prohibited by statute from exercising jurisdiction over a suit in which any party, by assignment or otherwise, has been improperly or collusively joined to manufacture federal diversity jurisdiction." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

23. The Fifth Circuit has explained two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* at 573 (citing *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003).

24. Under the second test, the standard is whether the defendant has demonstrated that there is no reasonable basis to predict that the plaintiff might be able to recover against the in-state defendant. A removing defendant need not "demonstrate an absence of *any possibility* of recovery in state court" but instead "must demonstrate only that there is *no reasonable basis* for predicting that the plaintiff will recover in state court." *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 405 (5th Cir. 2004) (emphasis in original). A "mere theoretical possibility of recovery under local law" will not preclude a finding of improper joinder. *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n. 4 (5th Cir. 2000).[2]

---

[2] In considering whether a plaintiff has a reasonable basis for recovery on at least one claim under state law, the district court is limited to the causes of action and allegations asserted in the complaint on file at the time of the removal. *See Rubin v. Daimlerchrysler Corp.*, Civ. Action No. H-04-4021, 2005 WL 1214605, at *2 (S.D. Tex. May 20, 2005). "Post-removal filings may not be considered, however, when or to the extent that they present new causes of action or theories not raised in the controlling petition filed in state court." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999); *see Alonso ex rel. Estate of Cagle v. Maytag Corp.*, 356 F.Supp.2d 757, 761 (S.D. Tex. 2005) (noting that although court may consider post-removal evidence, it may not consider new theories or causes of action).

25. To determine whether there is a reasonable basis to recover under state law, under the second test, the *Smallwood* court outlined two separate methods.

> A court may resolve the issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. . . . That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

*Smallwood*, 385 F.3d at 573.

26. Here, Plaintiff only brings a cause of action for tortious interference against DHIP NRI. A Rule 12(b)(6)-type analysis is appropriate in this case because Plaintiff's cause of action cannot be sustained as a matter of law. Plaintiff's cause of action fails because it cannot demonstrate that a Texas state court can exercise personal jurisdiction over DHIP NRI, because DHIP NRI is legally incapable of tortiously interfering in a contract between its affiliate DHIP Group LLC (or DHIP Group LP) and Plaintiff, and because Plaintiff has not pled any facts to plausibly support that DHIP NRI willfully and intentionally interfered with a contract.

        **a)    The Texas State Court Does Not Have Personal Jurisdiction Over DHIP NRI**

27. A cornerstone requirement of due process is that a defendant must "purposefully avail" itself of the privileges and benefits of doing business in the subject forum to have sufficient contacts for a court to exercise personal jurisdiction over it. *See BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 796–97 (Tex. 2002); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474–76 (1985). Personal jurisdiction does not exist unless the nonresident defendant's minimum contacts give rise to either specific personal jurisdiction or general personal jurisdiction such that maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413–14 (1984);

*Guardian Royal Exch. Assur., Ltd. v English China Clays, P.L.C.*, 815 S.W.2d 226, 228 (Tex. 1991).

28. The Supreme Court of Texas has rejected Plaintiff's stated rationale for specific jurisdiction over DHIP NRI, in particular. The only theory that Plaintiff pleads with respect to DHIP NRI is that it "intentionally interfered with the [NDA] with full knowledge that all claims 'arising out of or in connection with' the [NDA] were to be litigated in Texas" and thus "consented to jurisdiction in Texas." Ex. 3-1 at 4-5 (emphasis added). But the Supreme Court of Texas has rejected theories of specific jurisdiction[3] that rely on "what the parties thought, said, or intended," including when a plaintiff alleges that a foreign defendant directed tortious conduct at a Texas resident. *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 791 (Tex. 2005). Rather, according to the Supreme Court of Texas, "the business contacts needed for specific personal jurisdiction over a nonresident defendant 'are generally a matter of *physical fact*." *Id.* (emphasis added). And Plaintiff points to no "physical fact" connecting DHIP NRI with Texas, let alone one substantially connected to Plaintiff's tortious interference claims in this litigation. Without personal jurisdiction, there is no reasonable basis to predict that Plaintiff will succeed on its tortious interference claim against DHIP NRI.

      **b)**   **DHIP NRI Is Not Capable of Tortiously Interfering with the NCA as a Matter of Law**

29. As a matter of law, DHIP NRI is not capable of tortiously interfering with a contract between Plaintiff and either DHIP Group LLC or DHIP Group LP. "To prove the willful and intentional interference element of a tortious interference with contract claim, the plaintiff must show that the defendant was legally capable of tortious interference; to be legally capable of

---

[3] Plaintiff has not alleged that a Texas court can exercise general personal jurisdiction over DHIP NRI.

tortious interference, the defendant must be a *stranger* to the contract with which he allegedly interfered." *Community Health Sys. Prof'l Servs. v. Hansen*, 525 S.W.3d 671, 690 (Tex. 2017) (emphasis added) (internal citations omitted) (explaining the "stranger doctrine.").

30. The Supreme Court of Texas has held that a defendant that is a "current or former owner, officer, agent, or *affiliate*" of a contract signatory is not a "stranger" to the contract. *In re Vesta Ins. Grp., Inc.*, 192 S.W.3d 759, 763 (Tex. 2006) (holding that an affiliate was not a stranger to a contract in the context of arbitrating a tortious interference claim).

31. The Fifth Circuit, applying Texas law, has also held that a parent and its subsidiary are "so closely aligned in business interests as to render them, for tortious interference purposes, the same entity." *Deauville Corp. v. Federated Dept. Stores, Inc.*, 756 F.2d 1183, 1196-97 (5th Cir. 1985). The Houston Court of Appeals further explained that the "analysis by the Fifth Circuit was consistent with the United States Supreme Court's holding that 'fully owned subsidiaries are incapable of conspiring with their parent, as a matter of law.'" *American Med. Intern., Inc. v. Giurintano*, 821 S.W.2d 331, 336 (Tex. App.—Houston [14th Dist.] 1991, no pet.).

32. Here, Plaintiff itself alleges that DHIP NRI is an affiliate of Removing Defendants. *See* Ex. 3-1 ¶ 13 (IRRX's Registration Statement explains that its sponsor is "DHIP Natural Resources Investments, LLC [DHIP NRI}," an affiliate of "DHIP Group." Ex. 8. It also clarifies that DHIP Group is simply a new name for Drexel.); *see also id*. ¶ 22. Therefore, DHIP NRI is not a stranger to the NCA under Plaintiff's allegations in the way required to sustain a claim of tortious interference with a contract. Accordingly, there is no reasonable basis to predict that Plaintiff will succeed upon the merits of its tortious interference claim against DHIP NRI.

      **c)**      **Plaintiff Has Not Pled Any Facts To Plausibly Support that DHIP NRI Willfully and Intentionally Interfered With A Contract**

33.    But even if Plaintiff could bring a claim of tortious interference against DHIP NRI, Plaintiff still cannot prevail because it has not pleaded any facts evidencing DHIP NRI's intent to interfere with the contract. To establish a claim for tortious interference with a contract, a plaintiff must establish: (1) the existence of a valid contract subject to interference; (2) that the defendant *willfully and intentionally interfered* with the contract; (3) that the interference proximately caused the plaintiff's injury; and (4) that the plaintiff incurred actual damage or loss. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 207 (Tex. 2002) (emphasis added). The intent required is an intent to interfere, not just an intent to do the particular acts that were done. *See Southwestern Bell Tele. Co. v. John Carlo Texas, Inc.*, 843 s.W.2d 470, 472 (Tex. 1992) "To establish a willful and intentional act of interference, there must be evidence that the defendant was more than a willing participant—the defendant must have knowingly induced one of the contracting parties to breach its obligations under a contract." *Ferrara v. Nutt*, 555 S.W.3d 227, 243 (Tex. App.—Houston [1st Dist.] 2018, no pet.). For a complaint to survive dismissal under Tex. R. Civ. P. 91a, Plaintiff must plead enough facts to state of claim of relief that is plausible on its face. *See Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2014 no pet.); *see also Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982) ("A petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim."). Here, the Petition makes one conclusory statement that "the defendant willfully and intentionally interfered with the contract." Pet. ¶ 21. Plaintiff has failed to adduce or allege any facts plausibly supporting willful or intentional interference by DHIP NRI regarding either the NCA or Plaintiff, and therefore, there is no reasonable basis to predict that Plaintiff will succeed upon the merits of its tortious interference claim against DHIP NRI.

34. Accordingly, DHIP NRI was improperly joined. Therefore, this Court has diversity jurisdiction over this case and removal is proper.

### 3. The Amount in Controversy Exceeds $75,000

35. Plaintiff avers on page 4 of its Petition that it "seeks monetary relief over $1,000,000.00." Exhibit 3-1 at 4. The amount in controversy with respect to Plaintiff's claims thus exceeds $75,000. *See* 28 U.S.C. § 1332(a).

## VI. VENUE

36. This action is properly removed to this Court, as the State Court Action is pending within this district and division. 28 U.S.C. §§ 1441, 1446(a); 28 U.S.C. § 124(b)(2).

## VII. ADDITIONAL REQUIREMENTS

37. In accordance with 28 U.S.C. § 1441(d), Defendants will promptly file a copy of this Notice of Removal with the Clerk of the County Court at Law, Nueces County, Texas

WHEREFORE, having satisfied the requirements for removal under 28 U.S.C. §§ 1332, 1441, and 1446, Defendants hereby give notice that this action has been removed to this Court.

Dated: October 18, 2024

Respectfully submitted,

/s/ *Katherine A. Preston*
**Paula W. Hinton**
PHinton@winston.com
SBN: 09710300
**Katherine A. Preston**
KPreston@winston.com
SBN: 24088255
**Evan D. Lewis**
EDLewis@winston.com
SBN: 24116670
Winston & Strawn, LLP
800 Capitol St., Ste. 2400
Houston, TX 77002
Tel: (713) 651-2600

**Jorge C. Rangel**
jorge.c.rangel@rangellaw.com

SBN: 16543500
The Rangel Law Firm PC
555 N. Carancahua St., Ste 1500
Corpus Christi, TX 78401
Tel: (361) 883-8500
Fax: (361) 883-2611

*Counsel for the Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 18 day of October 2024, I electronically filed the foregoing Notice of Removal with the Clerk of Court using the CM/ECF System and/or CMRRR and that the same has been served by email to the following parties who have appeared in this action:

John Flood
State Bar No.: 07155910
**JOHN T. FLOOD, LLP**
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 654-8877
Facsimile: (361) 654-8879
john@floodtriallawyers.com
irma@floodtriallawyers.com

Matt E. Parks
State Bar No.: 24083622
**BURFORD PERRY LLP**
909 Fannin St., Suite 2630
Houston, Texas 77010
Telephone: (713) 401-9790
Facsimile: (713) 993-7739
mparks@burfordperry.com

                                                            Evan D. Lewis
                                            /                        /s/ *Evan D. Lewis*